# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| **Maria McDade**, as Administrator of the Estate of Barbara Wood, Deceased, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 08-CV-1262<br>) |
| **Robert M. Huston**, Sheriff of Tazewell County, Illinois, in his official and individual capacities,<br>**Eric Rasmussen**, in his official and individual capacities, and<br>**Steven B. Deatherage**, U.S. Marshal, Central District of Illinois, in his official and individual capacities, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on the motion to dismiss by Defendants Huston and Rasmussen, brought pursuant to Fed. R. Civ. P. 12(b)(6).[1]  For the reasons below, the Court recommends that the motion be denied.

---

[1] Defendant Deatherage has not moved to dismiss.

**Standard**

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted).  However, the plaintiff's "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that he is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted)(also noting that Bell Atlantic made clear that the Supreme Court had not supplanted basic notice pleading standard).

**Allegations**

The allegations are set forth as true for purposes of this Recommendation.

Before June 27, 2007, Barbara Wood was an inmate at a correctional center in Dwight, Illinois.  She had cancer and had undergone surgery for a right radical mastectomy and a nephrectomy.  (Complaint ¶ 12).  She was

allowed use of a wheelchair at the prison in Dwight. On March 22, 2007, she had an appointment with her oncologist, who recommended a follow-up visit in three months.

On June 27, 2007, Defendant Deatherage ordered that Ms. Wood be taken into federal custody. She was placed in the Tazewell County Jail as a federal detainee. Despite numerous requests, Ms. Wood was denied a wheelchair at the Jail. She told Jail personnel that she had a follow-up appointment with her oncologist on July 12, 2007, but they failed to take her to the appointment or "take any alternative measures to provide her with follow-up care." (Complaint ¶ 18). In August 2007, Ms. Wood filed a writ of habeas corpus in the Central District of Illinois, in part regarding her medical needs and her conditions at the Jail. <u>Wood v. Tazewell County Jail</u>, 07-1223 (C.D. Ill., Judge McDade).[2] Jail personnel continued to fail to provide Ms. Wood with the medical care she needed for her condition.

On October 5, 2007, at about 3:00 a.m., Ms. Wood lay in bed, "clutching her head" and calling for help. (Complaint ¶ 23). Defendant Rasmussen, a correctional officer, responded with other guards, who entered Ms. Wood's cell and grabbed her arm from behind, attempting to

---

[2] The attachments to the petition show that Ms. Wood was detained pursuant to a federal parole violation warrant.

lift her up as she sat on her bed. Ms. Wood's arm "made a 'pop' sound and she was dropped back to her bed during which she struck her head on the metal portion of the bed." (Complaint ¶ 25). The guards ordered Ms. Wood to comply and get into a wheelchair. Meanwhile, "an unidentified member of the jail personnel announced over the jail intercom, 'and the academy award goes to', making reference to the suffering [Ms. Wood]." (Complaint ¶ 27). Guards removed Ms. Wood by carrying her out on a backboard. She was pronounced dead about one hour later, the cause of death listed as "acute hemorrhage into metastatic cancer in cerebellum due to renal cell carcinoma, clear cell type". (Complaint ¶ 30). Ms. Wood had not been diagnosed with brain cancer any time before her autopsy.

### Analysis

Defendants Huston (the "Sheriff") and Rasmussen argue that Plaintiff has failed to allege that they were personally responsible for the alleged constitutional violations.

To hold Defendants Huston and Rasmussen liable in their individual capacities for constitutional violations, Plaintiff must show that they were "'personally responsible for the deprivation of a constitutional right.'" Sanville v. McCaughtry, 266 F.3d 724, 739 (7th Cir. 2001), *quoting* Chavez

v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001).  Personal responsibility means participating directly in the constitutional violation or directing the unconstitutional conduct.  A defendant may also be personally responsible if the "conduct occurred with his knowledge or consent." Sanville, 266 F.3d at 739; see also Chavez, 251 F.3d at 651 ("'The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'")(quoted cite omitted).

In the Court's opinion, Plaintiff has sufficiently alleged facts to allow a plausible inference of personal responsibility against the Sheriff and Officer Rasmussen.  Rasmussen personally participated in the events the night Ms. Wood died.  An inference of deliberate indifference to Ms. Wood's serious medical needs arises from those events alone, regarding the manner in which Ms. Wood was handled in response to her cries for help. Though Plaintiff does not specifically allege that Rasmussen was involved in the other denials of medical care, notice pleading does not require her to do so.  Nor does the Court see how Plaintiff could allege more without conducting discovery, given that Ms. Wood is deceased.   See Burks v. Raemisch, 555 F.3d 592, 594-95 (7th Cir. 2009)(reversing dismissal of

claim against head of prison medical unit even though plaintiff did not allege how that individual knew of his medical needs; plaintiff must be allowed discovery to learn what she knew and what actions she took).

As for the Sheriff, Plaintiff alleges that the Sheriff, "in his policy decision for identifying the need and providing for the medical care of person [sic] in custody in Tazewell County Jail made under color of law was deliberately indifferent to the risk of illness of persons in custody from denial of necessary medical care." (Complaint ¶ 33). The Sheriff "knew of the routine failure of the correctional staff to identify those persons in need of medical care and to obtain the necessary treatment and did nothing to alter the conduct of correctional staff in failing to provide necessary medical care for persons in custody in the jail." Id.   While the Sheriff is not liable in his individual capacity for the constitutional violations of his subordinates based on *respondeat superior*, he might be individually liable for personally devising an unconstitutional policy. See Armstrong v. Squadrito, 152 F.3d 564, 578-79, 581 (7th Cir. 1998)(discussing when deliberate decision to not enact policy is actionable against municipality under Section 1983 and also hypothesizing when a policymaker might be liable in his individual capacity). Additionally, discovery may plausibly reveal that the Sheriff

bears personal responsibility for decisions regarding Ms. Wood's care, such as her access to a wheelchair and appointments with her oncologist.

Defendants Huston and Rasmussen next argue that Plaintiff "fails to make more than conclusory allegations that Defendants violated Wood's constitutional rights." (d/e 5, p.7). The allegations are more than conclusory, in the court's opinion, and, in any event, give notice of the claim and the grounds upon which it rests. According to the allegations, Ms. Wood suffered from cancer and had a serious medical need for a wheelchair and medical appointments with an oncologist.[3] She informed Jail personnel of her serious medical needs and was ignored. When she had a brain hemorrhage, Rasmussen, along with others, handled her in a manner to possibly cause further injury, while others (or perhaps Rasmussen, too) engaged in "verbal abuse and mockery." (d/e 9, p. 9). These facts allow a plausible inference of deliberate indifference to Ms. Wood's serious medical needs. *See* Jackson v. Illinois Medi-Car, Inc., 300 F.3d 760, 764 (7th Cir. 2002)(pretrial detainee must show that "(1) an objectively serious injury or medical need was deprived; and (2) the official knew that the risk of injury was substantial but nevertheless failed to take

---

[3] Discovery may plausibly uncover additional serious medical needs for Ms. Wood's condition that were unmet.

reasonable measures to prevent it."). As discussed above, the personal responsibility of Huston and Rasmussen can also be plausibly inferred at this stage. See Burks, 555 F.3d at 594 ("A prisoner's statement that he repeatedly alerted medical personnel to a serious medical condition, that they did nothing in response, and that permanent injury ensued, is enough to state a claim on which relief may be granted-if it names the persons responsible for the problem."). Accordingly, the Court will recommend denial of the motion to dismiss.

WHEREFORE, the Court RECOMMENDS that the motion to dismiss by Defendants Rasmussen and Huston be denied (d/e 4).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   March 13, 2009

                                                    *s/ Byron G. Cudmore*
                                                    BYRON G. CUDMORE
                            UNITED STATES MAGISTRATE JUDGE